UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNE WHIPP, CARL KREAGER,
and JOAN KREAGER, on behalf of
themselves and all other Members of the
class described therein,

               Plaintiffs,

                                          Case No. 05-CV-73491

vs.                                   HON. GEORGE CARAM STEEH

APARTMENT INVESTMENT &
MANAGEMENT COMPANY,
a Maryland corporation, and
KIRKMAN ASSOCIATES LIMITED
PARTNERSHIP, a Maryland limited
partnership

               Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULTS (#9)

      Plaintiffs June Whipp, Carl Kreager, and Joan Kreager filed a complaint on September 9, 2005 alleging defendants Apartment Investment & Management Company ("AIMC") and Kirkman Associates Limited Partnership ("KALP") are liable for tortious interference with contractual relations, unjust enrichment, conversion, and fraud with respect to the plaintiffs' losses of investment interests in the development of an Orlando, Florida apartment complex.  Plaintiffs also filed a motion for class certification on behalf of approximately 40 fellow investors.  The clerk entered each of the defendants' defaults on October 7, 2005 for failing to appear and file an answer or otherwise defend this lawsuit. Defendants filed the instant motion to set aside their defaults on October 11, 2005.

      The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion.  Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

      Entry of default may be set aside upon "good cause shown."  Fed. R. Civ. P. 55(c).

The court should consider: (1) whether the default was willful; (2) whether the plaintiff will be prejudiced, and; (3) whether the defendant has a meritorious defense.  United Coin Meter Co. Inc. v. Seaboard Coastline Railroad, 705 F.2d 839, 844 (6th Cir. 1983).

The court is unpersuaded that the defendants wilfully allowed this matter to proceed to default.  Defendants had until Wednesday, October 5, 2005 to file their answers. Plaintiffs moved for entry of default on October 6, 2005, the defaults entered on Friday, October 7, 2005, and defendants moved to set aside the defaults the following Tuesday, October 11, 2005; the court was closed on Monday, October 10, 2005, in observance of a federal holiday.  Plaintiffs have failed to show how they will be unduly prejudiced if the defaults are set aside.  Defendants have proffered arguably meritorious defenses. "Judgment by default is a drastic step which should be resorted to only in the most extreme cases."  Id. at 845.  This is not one of those cases.  Good cause exists for setting the defaults aside.

Defendants AIMC's and KALP's motion to set aside entry of default is hereby GRANTED.  Defendant AIMC's default, and KALP's default, are hereby SET ASIDE.  The parties shall proceed accordingly.  Plaintiffs request for an award of costs and fees is not well taken.  Defendants shall file answers or otherwise defend this lawsuit within 10 days of receipt of this Order.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  November 3, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 3, 2005, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

2