UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNE WHIPP, CARL KREAGER,
and JOAN KREAGER, on behalf of
themselves and all other Members of the
class described therein,

        Plaintiffs,

vs.

        Case No. 05-CV-73491
        HON. GEORGE CARAM STEEH

APARTMENT INVESTMENT &
MANAGEMENT COMPANY,
a Maryland corporation,
AIMCO-GP, INC., a Delaware corporation, and
AIMCO-LP. INC., a Delaware corporation,

        Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (#17) FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION, AND DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AS MOOT

Defendants Apartment Investment & Management Company ("AIMCO"), AIMCO-GP, INC., and AIMCO-LP, INC. move to dismiss plaintiffs June Whipp's, Carl Kreager's, and Joan Kreager's claims of tortious interference with contractual rights and relations, unjust enrichment, and common law conversion. In the alternative, defendants move for a more definitive statement. A hearing on the motion was held on February 27, 2006, at which the parties were granted leave to file supplemental briefs. For the reasons set forth below, defendants' motion to dismiss based on a lack of federal diversity jurisdiction will be GRANTED. Defendants' motion for a more definitive statement will be DENIED AS MOOT.

### I. Background

Plaintiffs June Whipp, Carl Kreager, and Joan Kreager are each former limited

partners in Kirkman-Oxford Associates L.P. I ("KO-I") and, following a merger, limited partners in Kirkman-Oxford Associates L.P. II ("KO-II").  June Whipp is a Michigan citizen, while Carl and Joan Kreager are Florida citizens.

KO-I was formed in 1983 to develop a 272-unit apartment complex in Orlando, Florida ("Florida Project").  Plaintiffs allege that defendant AIMCO, a corporate Real Estate Investment Trust, either directly or through one or more of its subsidiaries, acquired a controlling interest in KO-I general partner Oxford Equities Corporation in 2000.  Plaintiffs allege that, on October 19, 2000, defendants AIMCO, AIMCO-GP, and AIMCO-LP, through non-party AIMCO Properties, LP, offered to purchase all outstanding KO-I limited partnership interests.  Through this offering, AIMCO allegedly acquired a 51% controlling partnership interest in KO-I though AIMCO-GP, AIMCO-LP, and other subsidiary/affiliate corporations that AIMCO allegedly controlled.  Plaintiffs allege AIMCO's acquisition of this 51% partnership interest was invalid because KO-I limited partners such as themselves were denied their first right of refusal.

Plaintiffs continue by alleging that AIMCO, AIMCO-GP, and/or AIMCO-LP devised a scheme to acquire the Florida Project and its cashflow without paying fair market value to the plaintiffs and other KO-I limited partners.  The plan allegedly included encumbering KO-I with unnecessary debt owing to AIMCO or one of its controlled affiliates/subsidiaries so that AIMCO, AIMCO-GP, and/or AIMCO-LP could then take the Florida Project and its cashflow in satisfaction of a sham debt owed by KO-I.  AIMCO, AIMCO-GP, and AIMCO-LP allegedly caused KO-I to purchase the Florida Project real estate on August 1, 2001 for a price substantially over fair market value, causing KO-I to incur a $2,426,937.40 debt. Plaintiffs allege AIMCO, AIMCO-GP, and/or AIMCO-LP also prevented KO-I from obtaining

financing for the transaction from an outside lender, and instead caused KO-I to become indebted to an AIMCO affiliate for more than the full mortgage indebtedness. AIMCO, AIMCO-GP, and/or AIMCO-LP also allegedly caused KO-I to become further indebted to an AIMCO affiliate by purchasing a $5,998,374.00 mortgage from Regency Savings Bank, F.S.B.. Plaintiffs allege that, after being "loaded up" with debt, KO-I stopped paying distributions to KO-I limited partners, and instead began making debt payments to AIMCO and its affiliates.

In November 2002, AIMCO allegedly "called in its debt," and AIMCO, AIMCO-GP and/or AIMCO-LP took the Florida Project and its cashflow in exchange for KO-I's indebtedness. On November 29, 2002, AIMCO, AIMCO-GP, and AIMCO-LP allegedly caused an amendment of KO-I's Partnership Agreement to allow for a "recapitalization merger" with KO-II. Plaintiffs allege this merger was described in an Information Statement provided to KO-I limited partners by AIMCO, AIMCO-GP, and/or AIMCO-LP on November 8, 2002. Plaintiffs' allege this Information Sheet contained false and misleading information, including that the merger was necessary because third-party financing was unavailable. KO-II was formed on December 18, 2002 as a result of the merger.

Plaintiffs allege this merger creating KO-II took the Florida Project away from the KO-I limited partners. Plaintiff's allege that the KO-II Partnership Agreement created a $5,897,186.00 special re-capitalization preferred limited partnership interest entitled to a 15% return on investment and 99% of the voting rights of KO-II, which an AIMCO affiliate allegedly purchased. On March 26, 2004, Kirkman-Oxford Transitory L.L.C. was created, and merged with KO-II on March 31, 2004, with KO-II again being the surviving entity. Plaintiffs allege that KO-II limited partners' interests were thereafter involuntarily purchased

for the nominal sum of $114.00, while special limited partners' interests were purchased for $120.00.

Plaintiffs filed an initial Complaint on September 9, 2005 against AIMCO and KO-II. By stipulated order entered on November 17, 2005, plaintiffs were granted leave to file an amended complaint, and KO-II was dismissed from this lawsuit without prejudice. Plaintiffs First Amended Complaint was filed on November 21, 2005 naming AIMCO, AIMCO-GP, and AIMCO-LP as the party-defendants. Plaintiffs allege in Count I that AIMCO, AIMCO-GP, and/or AIMCO-LP caused a breach of the KO-I partnership agreement and breached fiduciary duties, actionable as tortious interference with contractual rights and relations. Count II alleges unjust enrichment, alleging it is inequitable for AIMCO, AIMCO-GP, and/or AIMCO-LP to retain the proceeds from the Florida Project. Count III alleges conversion of the KO-I limited partners' interests in the Florida Project. Plaintiffs have also filed a motion to certify this lawsuit as a class action. Defendants move to dismiss plaintiffs' claims based on: (1) lack of federal subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; and (4) failure to state a claim upon which relief may be granted. In the alternative, defendants move for a more definitive statement with respect to the distinction between the three defendants AIMCO, AIMCO-GP, and AIMCO-LP, and the particular acts or omissions they each allegedly committed.

## II. Subject Matter Jurisdiction

### A. Amount in Controversy Requirement

Defendants argue the plaintiffs have failed to allege that at least one plaintiff or member of the putative class suffered damages in excess of the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332. In Exxon Mobile Corp. v. Allapattah Serv., Inc., 125 S.Ct.

2611 (2005), the Supreme Court held "that where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount in controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." Engstrom v. Mayfield, No. 03-5234, 159 Fed.Appx. 697, 701 (6th Cir. Dec. 15, 2005) (unpublished) (quoting Exxon Mobile, 125 S.Ct. at 2615).  Thus, if the claim of one plaintiff-investor satisfies the $75,000.00 jurisdictional requirement of § 1332(a), the district court enjoys supplemental jurisdiction over the same claims brought by other plaintiff-investors which do not meet the jurisdictional amount. Engstrom, 159 Fed.Appx. at 701.

Plaintiffs allege that their fellow KO-II limited partners' total financial interest in the Florida Project was "well in excess of $5.0 million," and that this interest was involuntarily purchased for $5,000.00. First Amended Complaint, ¶ 58, at 12. Plaintiffs proffer evidence that June Whipp owned 1 of 44.66 total limited partnership shares of KO-II as of January 1, 2003. See Plaintiffs' January 12, 2006 Response Brief, Exhibit 10.  Based on a plain reading of the First Amended Complaint, each KO-II limited partnership share decreased in value by $111,845.05[1].  At minimum, plaintiff June Whipp allegedly suffered $111,845.05 in damages as a result of the involuntary sale of her 1 share limited partnership interest, an amount meeting the $75,000.00 jurisdictional limit of § 1332(a)[2].  See Fanning v. Fox

---

[1] ($5,000,000 total fair market value - $5,000.00 total value paid)/44.66 total shares = $111,845.05.

[2] At least one of the Kreagers has also alleged damages exceeding the $75,000.00 jurisdictional amount, depending upon their individual interests in the 2 shares they owned.

5

Meadow Farm, Inc., 164 F.Supp.2d 921, 924 (E.D. Mich 2001) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938) for the rule that a sum certain claimed by the plaintiff controls unless it is apparent to a legal certainty from the face of the pleadings or proofs that the amount in controversy does not meet the statutory jurisdictional requirement). Defendants' motion to dismiss based on plaintiffs' failure to allege damages in excess of $75,000.00 is without merit. Fanning, 164 F.Supp.2d at 924.

### B. Diversity of Citizenship/Indispensable Party-Defendant

Defendants argued in their initial motion to dismiss:

> Plaintiffs initially filed suit against Kirkman-Oxford as well as defendant Apartment Investment Management Company ("AIMCO"). When it became clear that including Kirkman-Oxford destroyed complete diversity, plaintiffs voluntarily dismissed Kirkman-Oxford. Plaintiffs also decided not to file suit against AIMCO Properties, L.P., Kirkman-Oxford's majority limited partner and an entity with thousands of limited partners (including some in Michigan), because naming that party would also destroy diversity. Instead, in an attempt to circumvent the requirements for diversity jurisdiction, plaintiffs filed an amended complaint adding AIMCO-GP, Inc. and AIMCO-LP, Inc., the general and limited partners of AIMCO Properties, as defendants.

Defendants' December 19, 2005 Brief, at 1. At the February 27, 2006 hearing, the court pursued the issue of whether KO-II was an indispensable party to this lawsuit that would have destroyed diversity if not dismissed. The parties have filed supplemental briefs to further address the issue.

In a suit filed against an artificial entity such as a partnership, the citizenship of "all members," limited and general partners alike, must be taken into account for purposes of determining diversity of citizenship. Carden v. Arkoma Associates, 494 U.S. 185, 186, 196 (1990).

> It is well settled that when federal jurisdiction is grounded on diversity of citizenship such diversity of citizenship must exist between all the plaintiffs on

> the one hand and all the defendants on the other. Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. If one of the defendants is an indispensable party to the action, and his joinder in the suit destroys diversity of citizenship, he must nevertheless be joined as a party with the resulting loss of jurisdiction by the trial court. Baltimore & Ohio R. v. Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834.

Schuckman v. Rubenstein, 164 F.2d 952, 955-956 (6th Cir. 1947). If an initial appraisal of the facts poses a possibility that an unjoined party is arguably indispensable, the burden is upon the party "whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court." National Labor Relations Bd. v. Doug Neal Management Co., 620 F.2d 1133, 1138 (6th Cir. 1980) (quoting Boles v. Greenville Housing Authority, 468 F.2d 476, 478 (6th Cir. 1972)). "[A] person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee.'" Hooper v. Wolfe, 396 F.3d 744, 747 (6th Cir. 2005) (quoting Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th Cir. 2004) (quoting 4 Moore's Federal Practice § 19.02[3][c], at 19-22)).

## I. Necessary Party

A party is "necessary" for purposes of Federal Rule of Civil Procedure 19(a) if: (1) complete relief cannot be accorded among those already parties to the lawsuit; (2) disposition of the case without the unjoined party would as a practical matter impair or impede the unjoined party's ability to protect its interests; or (3) named parties would be subject to a substantial risk of incurring multiple or inconsistent obligations if the unjoined party is not joined. Hooper, 396 F.3d at 748 (quoting Fed. R. Civ. P. 19(a)). As a legal entity, a limited partnership such as KO-II has interests to protect separate and distinct from

the interests of its managing partner in recouping assets allegedly diverted by the managing partner, here being non-party majority limited partner AIMCO Properties, LP. Hooper, 396 F.3d at 748 (citing HB Gen, Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1190 (3d Cir. 1996)). AIMCO Properties, LP, as a limited partnership entity, in turn has interests to protect separate and distinct from its managing general partner AIMCO-GP anf KO-II. Id. KO-II might be able to bring claims identical to those of the plaintiffs against the defendants AIMCO, AIMCO-GP and AIMCO-LP, or against non-party AIMCO Properties, LP. Alternatively, KO-II's interest and AIMCO Properties, LP's interests in such claims could be extinguished by the plaintiffs if KO-II and AIMCO Properties, LP are not joined to this lawsuit. Hooper, 396 F.3d at 748; HB Gen, Corp., 95 F.3d at 1190. KO-II and KO-II's managing partner AIMCO Properties, LP are "necessary" parties to this lawsuit in that disposition of plaintiff's claims without joining KO-II and AIMCO Properties, LP would as a practical matter impair or impede KO-II's and AIMCO Properties, LP's ability to protect their own separate interests. Id.

### ii. Feasibility of Joining KO-II

For purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of every state in which its limited and general partners reside. See Hooper, 396 F.3d at 748 (citing Carden v. Arkoma Assocs., 494 U.S. at 195-96 and SHR Ltd. P'ship v. Braun, 888 F.2d 455, 459 (6th Cir. 1989)). Clearly joinder of KO-II is infeasible because KO-II and the plaintiffs share the same citizenship. Id. It is also undisputed that joinder of KO-II's managing partner AIMCO Properties, LP would likewise be infeasible. Id.

### iii. Indispensable Party

Even though KO-II and AIMCO Properties, LP are necessary parties that are

infeasible to join in this lawsuit, the court must also determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). "A court must balance: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to either that person or those already parties; (2) the extent to which such prejudice could be lessened or avoided through protective provisions in the judgment or other measures; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed." Hooper, 396 F.3d at 749 (citing Fed. R. Civ. P. 19(b)). "The Rule 19(b) inquiry is guided by pragmatic considerations, rather than technical or formalistic legal distinctions." Id. (citing HB Gen, Corp., 95 F.3d at 1191 and Fed. R. Civ. P. 19 Advisory Committee Notes to the 1966 Amendments).

A limited partnership entity is not an indispensable party in a dispute between its partners if all of the constituent partners are before the court. Id. (citing HB Gen, Corp., 95 F.3d at 1198-99; Delta Fin. Corp. v. Paul D. Comanduras & Assocs., 973 F.2d 301, 303-04 (4th Cir.1992); Curley v. Brignoli, Curley & Roberts Assocs., 915 F.2d 81, 90-91 (2d Cir.1990)). KO-II majority limited partner AIMCO Properties, LP is not before the court. Not all of AIMCO Properties, LP's constituent partners are before the court. Thus, In assessing any resulting potential prejudice, the court must consider whether KO-II's and AIMCO Properties, LP's separate interests are adequately represented by the defendants named in this lawsuit: AIMCO-GP, AIMCO-LP, and/or AIMCO. See Hooper, 396 F.3d at 749 (citing Glancy v. Taubman Centers, Inc., 373 F.3d 656, 672 (6th Cir. 2004)). KO-II and AIMCO Properties, LP may be adequately represented by defendants AIMCO-GP, AIMCO-LP,

9

and/or AIMCO in this lawsuit if their interests are not antagonistic and there is no reason to believe that the named defendants will not adequately represent KO-II's and AIMCO Properties, LP's interests. See Hooper, 396 F.3d at 750, 750 n.5 (citing Pujol v. Shearson/American Express, Inc., 877 F.2d 132, 135-36 (1st Cir. 1989) (holding that subsidiary was not an indispensable party because the parent company could adequately represent the subsidiary in a suit against the parent implicating the subsidiary)).

Plaintiffs indeed argue that defendant AIMCO, as the ultimate beneficiary of the alleged scheme, shared an interest with KO-II and KO-II managing partner AIMCO Properties, LP to enrich AIMCO at the expense of KO-II limited partners, and therefore AIMCO can be trusted to adequately defend KO-II's and AIMCO Properties, LP's interests in this lawsuit. Plaintiffs also represented at the February 27, 2006 that AIMCO is the only necessary party-defendant because KO-II and AIMCO Properties, LP are not "wrongdoers," and did not benefit from the alleged scheme. Plaintiffs further assert in their March 20, 2006 Supplemental Brief that:

> [T]he putative class members in the instant case do not seek to hold Defendants liable under a piercing the corporate veil theory of liability. Instead, Plaintiffs and the putative class members seek to impose liability on Defendants for their independent acts and omissions.

Plaintiff's March 20, 2006 Supplemental Brief, at 6.

Consistent with plaintiffs' arguments and the allegations in the First Amended Complaint, KO-II's and AIMCO Properties, LP's interests are antagonistic to the interests of AIMCO. Unjoined KO-II and AIMCO Properties, LP each have an interest in showing that AIMCO was in fact the only "wrongdoer," while AIMCO has an interest in proving that it is innocent of any wrongdoing, even at the expense of implicating non-parties KO-II and

AIMCO Properties, LP. Plaintiffs admittedly are not seeking to "pierce the corporate veil," but instead recognize the separate entity status of defendants AIMCO, AIMCO-GP, and AIMCO-LP, non-parties KO-II and AIMCO Properties, LP, and unnamed AIMCO affiliates and subsidiaries. The circumstances here are dissimilar to those in Pujol, as cited in Hooper, 396 F.3d at 750 n.5, where the Pujol plaintiff alleged the defendant parent corporation Shearson/American Express, Inc. was liable for covering up its Puerto Rican Subsidiary's acts of securities fraud by charging her husband, the former Subsidiary President, with serious wrongdoing, firing him, and seizing personal papers from his office. Pujol, 877 F.2d at 132-33. The First Circuit reasoned that the Subsidiary was not an indispensable party because the defendant parent corporation shared a "virtually identical" interest with the unnamed Subsidiary, "want[ing] to show that no one behaved improperly," with the parent corporation's lawyers having every incentive to "bring about findings that would work in the Subsidiary's favor . . . as well." Id. at 135, 136. Here, consistent with plaintiffs' allegations and posturing of the case, AIMCO has every incentive to bring about findings that unnamed parties KO-II and its managing partner AIMCO Properties, LP acted improperly and are the real "wrongdoers" in this case, isolating AIMCO itself from any liability. Defense Counsel has already indicated such a strategy by seeking a more definite statement as to "the alleged tortious conduct of the three separate and distinct corporate defendants." Defendants' December 19, 2005 Brief, at 16.

     Plaintiffs' argument that "joint tortfeasors" are simply permissive parties ignores the alleged relationships here between the parties and non-parties alike, as well as plaintiffs' position that KO-II is not a "wrongdoer." Unlike "joint tortfeasors," entities alleged to be vicariously liable for the acts of their agents are considered indispensable parties. Pujol,

877 F.2d at 137 (citing Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 559 (5th Cir. 1985)). To the extent plaintiffs allege AIMCO is vicariously liable for the acts of its affiliates and subsidiaries including KO-II and AIMCO Properties, LP, these unnamed parties are indispensable parties. See Freeman, 754 F.2d at 559 (recognizing that joinder of a separate corporate entity is required where it is alleged that the entity was an active participant).

A judgment rendered in KO-II's and AIMCO Properties, LP's absence would be potentially prejudicial to both. If AIMCO, AIMCO-GP, and AIMCO-LP are found liable, KO-II's and AIMCO Properties, LP's interests in the Florida Project would be adversely affected. If AIMCO, AIMCO-GP, and AIMCO-LP are found not to be liable, KO-II and AIMCO Properties, LP are subject to suit without the benefit of defending their own actions in this lawsuit. KO-II's and AIMCO Properties, LP's separate interests are antagonistic to defendant AIMCO, and there is reason to believe that AIMCO, AIMCO-GP, and AIMCO-LP would not adequately represent the unjoined entities' interests, but would instead place any blame on unnamed entities. Hooper, 396 F.3d at 750, 750 n.5; Pujol, 877 F.2d at 135-37. Plaintiffs' assertion that KO-II and other unnamed AIMCO affiliates and subsidiaries are not "wrongdoers" does not prevent the named defendants from asserting such a claim. Plaintiffs have not proposed a protective provision to be included in a judgment that would lessen or avoid such prejudice. A judgment rendered in the absence of KO-II, AIMCO Properties, LP, and still other unnamed AIMCO affiliates and subsidiaries, would be inadequate in seeking an end this case and controversy, particularly if it were determined that AIMCO, AIMCO-GP, and AIMCO-LP were not *directly* liable to the plaintiffs, but remained subject to *vicarious* liability by the actions of unjoined and unnamed entities. Permitting this case to go forward would not meet an aim of Rule 19 and Rule 23 of "achiev[ing] judicial economies of scale by resolving related issues in a single lawsuit,' while

at the same time preventing 'the single lawsuit from becoming fruitlessly complex or unending.'"  Pujol, 877 F.2d at 132 (internal citations omitted).  An adequate remedy is available to the plaintiffs by filing these same claims in state court.

Plaintiff has failed to persuade the court that KO-II and KO-II's managing partner AIMCO Properties, LP are not indispensable parties.  Neal, 620 F.2d at 1138.  Proceeding with this lawsuit against only defendants AIMCO, AIMCO-LP, and AIMCO-GP, on the alleged theory the these three defendants along with unjoined entities KO-II, KO-II's managing partner AIMCO Properties, LP, and other unnamed AIMCO affiliates and subsidiaries devised and executed a complex scheme to wrongfully enrich AIMCO, is not pragmatic.  Hooper, 396 F.3d at 749; Fed. R. Civ. P. 19(b).  Equity and good conscience require that this lawsuit be dismissed without prejudice for lack of federal diversity jurisdiction because KO-II and its managing partner AIMCO Properties, LP are indispensable parties.  Fed. R. Civ. P. 19(b).

Having determined that the court lacks federal subject matter jurisdiction, the court declines to rule upon defendants' motion to dismiss premised upon lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. Defendants' alternative motion for a more definite statement has been rendered moot.

### III.  Conclusion

Defendants' motion to dismiss based on lack of federal diversity jurisdiction is hereby GRANTED.  Defendants' motion for a more definitive statement is hereby DENIED as MOOT.  Plaintiffs' claims are hereby DISMISSED, without prejudice.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  May 1, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 1, 2006, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Secretary/Deputy Clerk