UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNE WHIPP, CARL KREAGER,
and JOAN KREAGER, on behalf of
themselves and all other Members of the
class described therein,

        Plaintiffs,

vs.

        Case No. 05-CV-73491
        HON. GEORGE CARAM STEEH

APARTMENT INVESTMENT &
MANAGEMENT COMPANY,
a Maryland corporation,
AIMCO-GP, INC., a Delaware corporation, and
AIMCO-LP. INC., a Delaware corporation,

        Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (#24)

Plaintiffs June Whipp, Carl Kreager, and Joan Kreager move for reconsideration of this court's May 1, 2006 Order granting defendants Apartment Investment & Management Company's ("AIMCO"), AIMCO-GP, INC.'s, and AIMCO-LP, INC.'s motion to dismiss based on a lack of federal diversity jurisdiction on findings that Kirkman-Oxford Associates L.P. II ("KO-II"), KO-II's managing partner AIMCO Properties, LP, and other unspecified AIMCO affiliates and subsidiaries are indispensable parties, and that this lawsuit should be dismissed under Federal Rule of Civil Procedure 19(b).  Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable error by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).

Plaintiffs have failed to demonstrate a palpable error.  Plaintiffs' argument that the

court was left to proffer arguments on behalf of the defendants in the absence of a "thorough analysis and argument from Defendants" fails to recognize a federal district court's independent duty to insure that it enjoys federal subject matter jurisdiction.  Likewise as to plaintiffs' argument that the court improperly considered the issue of a protective provision in any possible judgment.  "Due regard for the constitutional allocation of powers between the state and federal systems requires a federal court scrupulously to confine itself to the jurisdiction conferred on it by Congress and permitted by the Constitution."  Gross v. Hougland, 712 F.2d 1034, 1036 (6th Cir. 1983) (quoting In re Carter, 618 F.2d 1093, 1098 (5th Cir. 1980)).  "A federal court is not a general repository of judicial power; thus, it must satisfy itself that it has subject matter jurisdiction over the dispute before it addresses the merits of the claims."  Id.  See also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action") (emphasis added).  Plaintiffs' suggestion that a federal district court should not conduct a thorough subject matter jurisdictional analysis under Rule 19 where a party fails to cite the Rule or fails to argue an otherwise relevant issue is simply untenable.

Plaintiffs' assertion that a protective "provision could easily be crafted" does not present a palpable error.  Plaintiffs' argument that the only protective provision warranted here is one that would preclude the effect of res judicata or collateral estoppel as to unnamed entities assumes that res judicata or collateral estoppel would apply to unnamed entities.  Consistent with the court's reasoning, and plaintiffs admission that they are not seeking to pierce AIMCO's corporate veil, the court cannot assume that KO-II, AIMCO Properties, LP, and other unspecified AIMCO affiliates and subsidiaries are the same party as, or are in privity with, AIMCO, AIMCO-GP, and/or AIMCO-LP.  Such a protective

provision would also hinder an aim of Rule 19 and Rule 23 of "achiev[ing] judicial economies of scale by resolving related issues in a single lawsuit,' while at the same time preventing 'the single lawsuit from becoming fruitlessly complex or unending.'" Pujol v. Shearson/American Express, Inc., 877 F.2d 132 (1st Cir. 1989). Plaintiffs' remaining arguments going to the issue of whether AIMCO would adequately represent KO-II, AIMCO Properties, LP, and other unspecified AIMCO affiliates and subsidiaries in this lawsuit are conclusory, and merely raise the same issues ruled upon by the court in the May 1, 2006 Order, either expressly or by reasonable implication. Accordingly, and in the absence of palpable error,

    Plaintiffs' motion for reconsideration is hereby DENIED.

    SO ORDERED.

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

Dated: May 31, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 31, 2006, by electronic and/or ordinary mail.

                              s/Josephine Chaffee
                              Secretary/Deputy Clerk